IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

RECEIPT 55933
AMOUNT $ 150
SUMMONS ISSUED ___/___
LOCAL RULE 4.1 ___:___
WAIVER FORM ___:___
MCF ISSUED ___:___
BY DPTY. CLK. ___:___
DATE 5-17-04

GERALD O'SHEA
70 Pine Tree Drive
Hanover, MA 02339

            Plaintiff

vs.                                    :    JURY TRIAL DEMANDED

NATIONAL RAILROAD
PASSENGER CORPORATION
253 Summer Street                      :    04-10976 JLT
Boston, MA 02210

            Defendant                  :    NO.    MAGISTRATE JUDGE _____

## CIVIL ACTION

1.      The Plaintiff, Gerald O'Shea, is a competent adult individual residing at 70 Pine Tree Drive, Hanover, Massachusetts 02339.

2.      The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 253 Summer Street, Boston, Massachusetts 02210.

3.      This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60; The Federal Safety Appliance Act, 45 U.S.C. §§1-16; and the Boiler Inspection Act, 45 U.S.C. §§22-34.

4.      At all times hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by the Defendant and was acting in the scope of his employment by the Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. The injuries and disability of Plaintiff while working as an employee of the Defendant was caused by his exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

8. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

9. Plaintiff's exposure began in or around 1976 and continued through and including the present, primarily while Plaintiff was working as a carman in and around Southampton Street, Boston, Massachusetts.

10. Plaintiff's illness was diagnosed as asbestosis on or about June 26, 2001.

11. Plaintiff first discovered that he had sustained asbestosis from exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, on or about June 26, 2001.

12    Plaintiff's asbestosis was caused and/or contributed by in whole or in part by the negligence, carelessness and/or recklessness of the Defendant, generally and more specifically as follows:

- a) In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with, touching or inhaling toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

- b) In failing to provide the Plaintiff with reasonably safe and sufficient personal safety apparel and equipment including but not limited to respirators as was necessary to protect him from being injured, poisoned, disabled, killed or otherwise harmed, by working with, using, handling and/or coming in contact with and being exposed to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

- c) In failing to provide Plaintiff with a reasonably safe place in which to work.

- d) In failing to minimize or eliminate Plaintiff's exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, by providing ventilating and exhaust fans, dampening or wetting procedures and other recommended and available procedures.

- e) In failing to conduct any tests to determine the presence and/or amount of toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, in and around the Plaintiff's workplace.

f) In failing to transfer Plaintiff from workplaces where he had been exposed to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, to other employment with no such or lesser exposure.

g) In failing to conduct physical examinations of Plaintiff of such quality as to detect any effects of toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, so that its employees, such as Plaintiff, could be advised as to the dangers of such exposure so Plaintiff could take appropriate safety measures.

h) In failing to issue and enforce appropriate safety rules limiting or eliminating exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

i) In failing to obey appropriate and applicable federal and state regulations and industrial hygiene recommendations intended to protect Plaintiff from exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

13. As a direct and proximate result, in whole or part of one or more of the foregoing negligent or unlawful acts on the part of the Defendant, Plaintiff suffered exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, which caused him to sustain a severe injury to his body and respiratory system.

14. As a result, Plaintiff has suffered pain, nervousness and mental anguish and has been obliged to spend various sums of money to treat his diseases and injuries, sustained a loss of earnings and earning capacity, and his enjoyment of life has been greatly impaired.

WHEREFORE, the Plaintiff demands judgment against the Defendant, National Railroad Passenger Corporation, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs and interest thereon.

HANNON & JOYCE

Dated: 5/12/04

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
The Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 5/13/04

_____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff